# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILLIAM C. STAEHLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06-4065-CV-C-FJG ) |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration | ) ) ) ) |
| Defendant. | ) ) |

# ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On December 20, 2004, following a hearing the ALJ rendered a decision finding that plaintiff was under a "disability" as defined under the Social Security Act during the closed period from October 9, 2002, through March 16, 2004, but not thereafter. On February 15, 2006, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

> The standard for judicial review of an ALJ's denial of benefits is as follows: We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of

benefits if there is enough evidence to support the other side. Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

Plaintiff argues that the ALJ committed reversible error because the ALJ relied on the Medical-Vocational Guidelines in determining that plaintiff was able to return to work after March 16, 2004 in that the use of the Medical Vocational Guidelines is inappropriate in the case of a claimant who suffers from non-exertional impairments. The Court agrees and finds that for the reasons stated in the plaintiff's brief, the ALJ improperly applied the Medical-Vocational Guidelines without considering what effect the plaintiff's non-exertional impairments such as morbid obesity, hypertension, sleep problems, breathing problems and headaches had on his residual functional capacity.

Plaintiff asks that the Court reverse this decision or in the alternative reverse and remand for a proper application of the law and regulations. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate plaintiff's residual functional capacity.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 10) and the decision of the

2

Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: 4/25/07　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge

3